IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DARREN COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:18-cv-875-WHA-CSC |
| ) | [WO] |
| MIKE HENLINE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Darren Collins is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his July 2018 probation revocation and the jail sentence imposed at the revocation. Doc. 1.[1]

## I. BACKGROUND

On August 22, 2017, Collins pled guilty in the Elmore County District Court to misdemeanor charges of attempting to elude and obstructing governmental operations. Doc. 12-1 at 14; Doc. 12-3 at 2. On that same date, the district court sentenced Collins to concurrent 30-day jail terms. Doc. 12-1 at 14. The sentence was suspended, and Collins was placed on 18 months' probation. Doc. 12-1 at 14.

A review hearing for Collins was scheduled in the district court for December 13, 2017. Doc. 12-1 at 18. When Collins failed to appear at the hearing, probation revocation

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

proceedings were initiated against him. Doc. 12-1 at 19. On July 20, 2018, the district court revoked Collins's probation and ordered him to serve 100 days in the Elmore County Jail, consisting of consecutive terms of 58 days on the attempting-to-elude charge and 42 days on the obstructing-governmental-operations charge. Doc. 12-1 at 8, 20–21; Doc. 12-2 at 20–21; Doc. 12-3 at 6–7.

On October 24, 2018, Collins completed the sentence imposed at his July 2018 probation revocation, and he was released from his sentence. Doc. 12-3 at 5, 12. However, Collins continued to be held in the Elmore County Jail under a probation revocation arrest warrant issued by the Circuit Court of Maury County, Tennessee. Doc. 12-3 at 5, 8. In November 2018 Collins was taken into custody by Tennessee authorities and transported to the Maury County Jail. Doc. 12-3 at 9, 13.

Collins filed this habeas petition on October 8, 2018. Doc. 1. He challenges his July 2018 probation revocation and the 100-day jail sentence the district court imposed at the revocation. Collins argues that the 100-day term was unauthorized in light of the 30-day term imposed at his original sentencing in August 2017. Doc. 1 at 6–7. He seeks immediate release from his sentence.[2] Doc. 1 at 8.

In an answer filed on November 9, 2018, Respondents argue that Collins's habeas petition is moot. Doc. 12 at 7–9. For the reasons that follow, the Court agrees.[3]

---

[2] Collins took no appeal from his July 2018 revocation, and he initiated no state collateral proceeding challenging his revocation or the jail sentence imposed at his revocation.

[3] Respondents also argue that Collins's claim is unexhausted and procedurally defaulted. Because the mootness issue is dispositive, the Court does not address the matter of procedural default. Doc. 12 at 5–7.

## II. DISCUSSION

The record reflects that on October 24, 2018—shortly after he filed this § 2254 petition—Collins completed the jail term imposed at his July 2018 revocation. Collins is no longer in custody under a sentence related to his convictions for attempting to elude and obstructing governmental operations. Thus, as Respondents correctly argue, events have transpired since Collins filed his § 2254 petition that have rendered his claim for habeas relief moot.

A claim becomes moot when the controversy between the parties is no longer "live" because one party has no further concern in the outcome. *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987). The relief Collins sought in filing his § 2254 petition was release from his sentence. Because the sentence has expired and he is no longer in custody under the sentence, the issues presented by his petition are no longer live. A favorable decision on the merits of his claim would entitle him to no additional relief.

Release from custody often moots a habeas petition, depriving the court of a case or controversy to resolve. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). However, a petitioner who faces future collateral consequences as a result of the challenged conviction does not have a moot petition. *Carafas v. Lavalle*, 391 U.S. 234, 237–38 (1968) (where a petitioner seeks to challenge the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office). The court will not presume collateral consequences where only the sentence, and not the conviction, is being attacked—such as in this case, where Collins challenges

his probation revocation and the jail sentence imposed at the revocation. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (release from prison mooted habeas action challenging probation revocation where petitioner failed to show collateral consequences connected to revocation); *see Lane*, 455 U.S. at 632 (where prisoner only challenges his sentence, and not his conviction, the doctrine of *Carafas* does not apply); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief). "*Spencer* counsels a cautious approach to the presumption of collateral consequences," requiring a petitioner to affirmatively allege and demonstrate such consequences. *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer*, 523 U.S. at 9–14).

Collins asserts no collateral consequences resulting from his probation revocation or the now-expired jail sentence imposed at the revocation. Because Collins has been released from his sentence, there is no longer a controversy to litigate through his § 2254 petition. Therefore, his petition should be dismissed as moot.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief be DISMISSED AS MOOT since a favorable decision on the merits would entitle Collins to no additional relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **October 6, 2021.** A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of September 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE